## DARIUS C. WARREN

*v.*

## ANDREW DANIELS.

1. ADDITION TO TOWN—*when plat is recorded, becomes part of the town.* When a plat of an addition to a town has been duly acknowledged and recorded, the addition becomes an integral part of the town, and lots in such addition are included in a description of property as situated in the town.

2. SPECIFIC PERFORMANCE—*when should be enforced.* A written contract described certain town lots in a town, encumbered by a deed of trust for a certain amount, and no more; that the property was rented at a certain monthly rent, etc., and then provided that, if the lots were as represented, the parties were to exchange property, the owner of the lots to convey to the other party the lots described, and the latter to convey to him certain other property; the owner of the lots took possession of the property to be conveyed to him, and the other party, after seeing the lots, refused to comply with the contract: *Held,* that the owner of the lots, it appearing that they were as represented, was entitled to a specific performance of the contract, and that, there being nothing in the contract as to the value of the lots, the question as to their value was not involved in the case.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. CREWS & HAYNES, and Mr. W. STOKER, for the appellant.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On the 23d of March, 1872, appellant, Darius C. Warren, entered into a written contract, drawn up by himself, with Andrew Daniels, the appellee, to exchange certain property, namely, a tract of land containing forty acres, then owned by Warren, for two certain town lots, one with a house and well thereon, situate in the town of Greenville, in Bond county. The agreement recites that said house and lots are incumbered by a deed of trust due August 25, 1872, for two hundred and twenty-seven dollars, and no more; that the property was

rented for six dollars per month from and after December 25, 1871, and that the rent and proceeds of said house and lots were to go to settle, first, sixteen dollars repairs done on the house, and the balance on the deed of trust for Warren's benefit. The agreement contains this further clause: "In the event the property is what it is represented, then, in that case, I, D. C. Warren, obligate myself to make said Daniels a good deed to said forty acres of land, and said Andrew Daniels is to make said Warren a good deed to said lots in the town of Greenville, and change property; and, in this event, I, D. C. Warren, am to pay off the said two hundred and twenty-seven dollars deed of trust, and all this completes the trade and contract."

The tract of land is described in the bill as the south-east quarter of the north-west quarter of section fourteen (14), township one (1) south, range one (1) east of the third principal meridian, and the Greenville lots are described therein as lots twenty-five (25) and twenty-six (26), in Hutchinson's addition to the town of Greenville.

It seems, Daniels, after making this contract, was put in possession of this tract of land by Warren, and made some necessary improvements thereon. Warren went to Greenville to examine the lots, and, returning, gave Daniels notice he would not comply with the contract.

Daniels then tendered a good and sufficient deed to Warren for the Greenville lots, and demanded a deed from him of the land, which Warren refused to make. Whereupon, Daniels filed his bill in chancery, to enforce a specific performance of the contract.

The cause coming on to be heard on bill, answer, replication and depositions, the court decreed as prayed.

To reverse this decree Warren appeals, making the point that the decree is contrary to law and evidence, and against justice and equity.

The evidence is spread out in the record, and we have attentively read and considered it, and can see nothing in it which should bar complainant of the relief sought.

The main complaint on the part of appellant is, that the Greenville lots were not in the town of Greenville, and that the deed of trust exceeded two hundred and twenty-seven dollars.

There is no controversy that the plat of Hutchinson's addition to Greenville has not been duly acknowledged and recorded. We consider that fact as admitted, and being so, the addition became an integral part of the town of Greenville, (Rev. Stat. 1845, ch. 25,) and there was no misrepresentation in this regard.

It seems, when the lots were sold under the deed of trust, they were struck off for two hundred and fifty-seven dollars, but the proof is quite satisfactory the debt it was made to secure was only two hundred and twenty-seven dollars, as Daniels truly represented.

It is urged by appellant that appellee, before the contract was reduced to writing, represented the lots to be worth eight hundred dollars, and that he had been offered six hundred dollars for them. By reference to the written contract, which must control, it is nowhere stated in it what was the estimated value of the land or of the lots, and the record fails to show the value of the land, and, for all that appears, the lots are worth quite as much as the land.

The clause in the agreement, if the Greenville property was as represented, then appellant was to make a deed for the land, is fully met and sustained by the proofs in the cause. The lots were in the town of Greenville, and the debt to secure which the deed of trust was executed, was for the sum of two hundred and twenty-seven dollars only. The value of the property is not a matter in question.

Seeing no error in the record, the decree must be affirmed.

*Decree affirmed.*